## Crofut, Appellant, *v.* Philadelphia.

*Public officers—Dismissal—Civil Service Commission—Evidence*
*—Hearsay evidence.*

1. Strict enforcement of rules of evidence have no proper place in the investigation of charges against a public officer by the civil service commission.

2. Even if the findings of the commission are based on hearsay evidence, such findings are not fatal to an order directing dismissal of an officer.

Argued January 11, 1923. Appeal, No. 224, Jan. T., 1923, by plaintiff, from order of C. P. No. 2, Phila. Co., Dec. T., 1921, No. 9496, quashing writ of alternative mandamus, in case of Henry Crofut v. Philadelphia, J. Hampton Moore, Mayor, et al. Before Moschzisker, C. J., Frazer, Walling, Simpson and Schaffer, JJ. Affirmed.

Motion to quash writ of alternative mandamus. Before Gordon, J.

The opinion of the Supreme Court states the facts.
Writ quashed. Plaintiff appealed.

*Error assigned* was order, quoting record.

*John S. Oberly,* for appellant, cited: Buttorff v. York City, 268 Pa. 143; Gallagher v. Blankenburg, 248 Pa. 394; Truitt v. Phila., 221 Pa. 331.

*Alexander M. De Haven,* Assistant City Solicitor, with him *David J. Smyth,* City Solicitor, for appellee, cited: Douglas v. McLean, 25 Pa. Superior Ct. 9; Thomas v. Connell, 264 Pa. 242; McCoach v. Phila., 273 Pa. 317.

PER CURIAM, February 12, 1923:

An alternative writ of mandamus, against the City of Philadelphia and certain of its officials, to compel plaintiff's reinstatement as a lieutenant of police, was quashed; hence this appeal.

In disposing of the case, we adopt the following excerpts from the opinion of the learned court below: "The petition for the writ shows that on or about August 30, 1921, the Director of Public Safety suspended [plaintiff] the petitioner from duty [as drillmaster of the police force]; thereafter charges were preferred against him in due form of law before the Civil Service Commission of the City, by the Director of the Department of Public Safety. The commission fixed a date for trial of the charges, the petitioner attended the trial, represented by counsel, and testimony was taken. Subsequently, the commission found petitioner guilty of the charges and directed his dismissal from the service; he was accordingly dismissed by the director......It is averred in the petition that......the testimony......was insufficient to justify the conviction of plaintiff......Even if the testimony were technically hearsay, its character in this respect would not be fatal to the finding of the Civil Service Commission; niceties of form in procedure..... and strict enforcement of the rules of evidence have no [proper] place in the investigation of charges by such a body as the Civil Service Commission (see 28 Cyc. 514). ......No issue has been presented which is justiciable in this court, and the motion to quash must be sustained."

The order appealed from is affirmed.