DELANEY *v.* DETROIT BOARD OF FIRE COMMISSIONERS.

1. Municipal Corporations—Detroit Charter—Power of Fire Commissioners to Discharge Employees for Cause.

Under the charter of the city of Detroit, the board of fire commissioners has the power of appointment and removal of employees for any reason not prohibited by the charter, and it alone has jurisdiction to try the question of guilt or innocence on specific charges made against employees; it being required to give the accused a trial and prescribe the punishment if found guilty.

2. Same—Civil Service Commission's Power on Appeal Limited to Inquiry Into Good Faith of Employee's Discharge.

Under the charter of the city of Detroit (title 4, chap. 2, § 18), the power of the civil service commission of said city, on appeal to it by a fireman who was discharged by the board of fire commissioners "for intoxication and for the good of the service," is limited to inquiring into whether the board acted in good faith in conducting accused's trial and in discharging him, and it has no power to weigh the evidence to determine whether the board's decision was right.

Certiorari to Wayne; Miller (Guy A.), J. Submitted April 3, 1928. (Calendar No. 33,586.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Mandamus by George W. Delaney to compel the board of fire commissioners of the city of Detroit to reinstate him as an employee in the fire department of said city. From an order granting the writ, defendant brings certiorari. Reversed.

*Walter E. Vashak,* for appellant.

*Frederick McGraw,* for appellee.

*Paul T. Dwyer, amicus curiæ.*

McDONALD, J.  Prior to July 7, 1927, the plaintiff was a "fire fighter" in the fire department of the city of Detroit. He was discharged by the board for "intoxication and for the good of the service." On appeal to the civil service commission, his reinstatement was ordered. The defendant refused to reinstate him. Mandamus proceedings were brought in the circuit court. On the hearing, it was ordered that the writ issue. The defendant seeks to review this order by certiorari.

The question before us is as to the authority of the civil service commission in its review of appeals involving the discharge of employees by departmental heads.

The civil service commission's authority in respect to such appeals is derived from the following provision of the city charter:

"No person shall, for political or religious reasons, be discharged from the classified service, or reduced in pay or position, or suspended by the departmental head appointing him. In every case of reduction or suspension for more than thirty days and in all cases of discharge, the appointing officer shall furnish the subordinate reduced, suspended or discharged, also the civil service commission, with a

copy of the order of removal and his reasons therefor. The commission may, and upon the written request of the subordinate made within ten days, shall, investigate. If it shall find as the result of such investigation that the discharge, reduction or suspension was made for political or for reasons other than the good of the service, it shall so report to the departmental head, and the person so discharged, reduced or suspended shall thereupon be entitled to resume his position and to receive compensation for the time lost.'' Detroit City Charter, tit. 4, chap. 2, § 18.

Under this provision of the charter, upon hearing an appeal, the civil service commission is limited to the determination of two questions:

(1) Was the employee discharged for political or religious reasons, or

(2) Was he discharged for other reasons than the good of the service.

In this case the plaintiff was charged with intoxication. After a trial before the board of fire commissioners in which he was represented by counsel, the board found him guilty and discharged him from the service. He appealed to the civil service commission. It conducted a hearing on the merits of the case, determined that he was not intoxicated as charged, and ordered his reinstatement. Out of these facts the question arises whether the civil service commission is empowered by the charter to retry the case and to reverse the findings of the board of fire commissioners on the question of the guilt of an employee who is charged with an infraction of its rules.

The board of fire commissioners has the power of appointment and the power of removal for any reason not prohibited by the charter. It alone is given

jurisdiction to try the question of guilt or innocence on specific charges made against its employees. It is required to give the party charged a trial and to prescribe the punishment if he is found guilty. The charter does not say that he shall have two trials on the merits, one before the board of fire commissioners and the other before the civil service commission. The authority of the commission under the charter is to inquire into the motives or reasons for the discharge and not into the sufficiency of the evidence on which the trial board acted. The civil service commission is not concerned with the guilt or innocence of the employee, except as that fact aids it in determining if the removal was for some other unlawful purpose or reason. In other words, what it is authorized to inquire into is the good faith of departmental heads in removing their employees.

If the civil service commission, on investigation, had found that the removal of the plaintiff was for one of the two reasons prohibited by the charter, its finding would be conclusive, and this court could not disturb it. But it did not so find. All it did was to conduct a hearing from which it determined that the board of fire commissioners was wrong in its decision on the facts. It weighed the evidence, found that the board had made a mistake, and on that ground alone ordered a reinstatement. It has no such power. Its business is to see that the departmental heads act in good faith, not to correct their judgment.

In the able and interesting opinion of the trial court, fears are expressed that disastrous results may follow a denial of the authority which the civil service commission has assumed in this case. We quote:

"The establishment of such a rule would destroy the protection of those holding their employments under the classified service in this city from arbitrary and wholesale dismissals. If the head of a department wished to get rid of all the democrats in his employ, all he would need to do would be to say, 'you are dismissed because you were intoxicated last night,' without regard to whether they were or were not intoxicated. He could then report to the civil service commission that they were discharged for intoxication, and, though they were not intoxicated, the civil service commission would be powerless to find that they were not and would be powerless to order their restoration to their employment."

The learned circuit judge suggests an impossible situation. Before an employee in the classified service can be discharged he must be given a trial on written specific charges. The hearing must be fairly conducted. If the trial body acts fraudulently, arbitrarily, or capriciously, and no appeal on the merits to the civil service commission is authorized, the courts will afford him adequate protection. Such conduct on the part of the trial board would also justify the civil service commission in finding that the removal was for reasons prohibited by the statute. In this view of the powers of the civil service commission, the rights of those in the classified service may be fully protected and at the same time discipline and the efficiency of the service may be maintained by those responsible therefor.

The judgment of the circuit court granting the writ of mandamus is reversed, with costs.

Fead, C. J., and North, Fellows, Wiest, Clark, Potter, and Sharpe, JJ., concurred.