COMMISSIONER OF CORPORATIONS AND TAXATION vs.
J. G. McCRORY COMPANY.

Suffolk. May 10, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

Tax, Excise on corporation, Assessment. Corporation, Taxation. Board
of Tax Appeals. Commissioner of Corporations and Taxation. Words,
"Appeal," "Review."

The jurisdiction conferred upon the Board of Tax Appeals by G. L.
(Ter. Ed.) c. 58A, § 6, authorizes it to try anew every issue raised by
a petition filed with it within § 7 and the answer filed thereto.
Under § 13 of said c. 58A, findings made by the Board of Tax Appeals
after such a hearing have the same force and effect as the verdict of
a jury or the finding of a judge sitting without a jury in an action at
law or the finding of a judge or master in a suit in equity upon unre-
ported evidence: so far as they are based upon unreported evidence
and are not in themselves inconsistent they cannot be disturbed.
Where a record presented to this court upon an appeal from a decision
by the Board of Tax Appeals did not purport to contain a report of
all material evidence before the board, but only a transcript of the
testimony given orally by a single witness, findings by the board were
not disturbed, it not appearing that they were clearly wrong.
It is within the jurisdiction of the Board of Tax Appeals to determine
whether the commissioner of corporations and taxation should have
been "satisfied that no part" of the debts of a corporation shown on
its return was incurred for the purpose of reducing the amount of its
tax within the provisions of G. L. (Ter. Ed.) c. 63, § 31, if that issue
is raised upon a petition filed with it under G. L. (Ter. Ed.) c. 58A,
§ 7, and the answer thereto; in determining that issue, every pre-
sumption is to be indulged in the commissioner's favor.
No tax can be valid unless authorized by statute and assessed in con-
formity to its terms.
There is no warrant in said c. 63 for basing the excise tax on a domestic
corporation upon the capital or income of a foreign corporation carry-
ing on no business within the Commonwealth, although the domes-
tic corporation is a subsidiary of the foreign corporation and that
corporation acts as purchasing agent for the domestic corporation,
making a charge of ten per cent commission for that service, and also
renders other services, such as window dressing, and incurs adminis-
trative and other expenses, for which it charges a proportionate
amount of the cost to it, apportioned among other subsidiaries in
proportion to their sales of merchandise, and the domestic corporation
is under obligation to it for debts thus incurred in good faith and not
for the purpose of reducing the amount of taxes to be paid by it.

In such circumstances the commissioner was not justified in assessing upon the domestic corporation a sum in excess of the minimum tax on gross receipts from business assignable to the Commonwealth as provided in G. L. (Ter. Ed.) c. 63, § 32A.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on March 15, 1932, by the commissioner of corporations and taxation from a decision by the Board of Tax Appeals ordering the abatement of an excise tax.

Material facts shown by the record are stated in the opinion.

*J. E. Warner,* Attorney General, *& E. K. Nash,* Assistant Attorney General, for the commissioner of corporations and taxation, submitted a brief.

*J. N. O'Donohue,* for the taxpayer.

RUGG, C.J. This is an appeal by the commissioner of corporations and taxation from a decision by the Board of Tax Appeals (hereinafter called the board) granting to the taxpayer an abatement of the entire amount of an additional excise tax assessed upon it. The taxpayer is a domestic corporation doing business wholly in this Commonwealth. It duly filed its excise tax return for 1929 showing the state of its affairs for 1928 and disclosing its capital stock, a net loss of income and a balance sheet as of December 31, 1928, wherein total assets were listed of $131,230.02, and total liabilities of $128,040.02, including an item of "Accounts Payable $127,475.07." Upon this return the commissioner determined that the taxpayer had no taxable net income or corporate excess and assessed a minimum tax on gross receipts from business assignable to this Commonwealth as provided in § 32A, added to G. L. c. 63 by St. 1923, c. 424, § 2. See now G. L. (Ter. Ed.) c. 63, § 32A. The taxpayer is a subsidiary of, and all its capital stock is owned by, McCrory Stores Corporation, a Delaware corporation doing business in the city of New York, which controls sixteen other subsidiary corporations doing similar business in other States. The commissioner subsequently upon verification of the return (G. L. c. 63, § 45, as amended by St. 1922, c. 520, § 7; see now G. L. [Ter. Ed.] c. 63, § 45), determined that

the full amount of tax due had not been assessed, and computed the amount due from figures contained in the Federal consolidated income tax return filed by the parent corporation by taking a proportionate part of the consolidated net income and a proportionate part of the consolidated net assets as shown by that return.   He thus determined the corporate excess and net income to be substantial sums and assessed a considerable additional tax.   The taxpayer applied for an abatement which was denied by the commissioner, and a petition for abatement was filed with the board.   In his answer to that petition the commissioner alleged that the taxpayer was a subsidiary of the parent corporation and entirely subject to its control and that its books were so managed as not to show its true net income or its assets and that its liabilities as shown by its return were excessive and that he was not satisfied within the meaning of G. L. (Ter. Ed.) c. 63, § 31, that "no part of such debts was incurred for the purpose of reducing the amount of taxes to be paid by it," or that "such debts represent only the fair value of the property or services given therefor," and that the capital disclosed in the tax return was a nominal and arbitrary amount and inadequate to carry on the business in fact carried on by the appellant and that the taxpayer and the parent corporation with other subsidiaries were engaged in the joint enterprise of operating five and ten cents retail stores.   Having thus rejected the statements contained in the return of the taxpayer as basis of the tax, the commissioner proceeded to estimate the tax by making an apportionment of the income of the joint enterprise as disclosed in the consolidated federal tax return filed by the parent corporation and its controlled companies, including the taxpayer, in this manner: He "deemed it fair to presume for purposes of such estimate and in the absence of satisfactory evidence to the contrary that the combined and consolidated income derived by the affiliated corporations engaged in the joint enterprise was derived in such part from the activities of the appellant in Massachusetts as the extent of business activities and property employed in Massachusetts, as indicated by such factors

for apportionment of income adopted by the Legislature of the Commonwealth as were available, bore to total business activities of and total property employed in the joint enterprise by the combined group participating therein and contributing to the consolidated profits thereof." Pursuing this theory the commissioner made a series of calculations resulting in the assessment of the substantial additional tax. It is unnecessary to state the details.

With respect to the issues thus raised by the answer of the commissioner the board made these findings: "At the hearing evidence was introduced as to the relations and transactions between the appellant and the parent corporation and its other subsidiaries. It was shown, and we find, that the appellant has no business transactions of any nature with the other subsidiaries, that in the regular course of business the parent company acts as purchasing agent for the appellant, making a charge of ten per cent commission for that service, and that the parent company also renders other services, such as window dressing, and incurs administrative and other expenses, for which it charges a proportionate amount of the cost to it, apportioned among the subsidiaries in proportion to their sales of merchandise. The evidence was uncontradicted and we find that the prices paid by the appellant for merchandise purchased and the charges made by the parent company are fair and are less than the appellant would be obliged otherwise to pay, the large business done by the parent company enabling it to buy and operate more cheaply than the appellant could. These facts we find were true throughout the calendar year 1928. The appellant had separate books of account from which its return was made up, and the facts and figures stated in the return were true and accurate. The liability of $127,475.07, shown in the return as due on accounts payable, was owed to the parent company on account of advances for the purchase of merchandise and furniture and fixtures, and of charges made as stated above, and was an actual and not fictitious indebtedness, incurred in good faith. The account between the appellant and the parent company was a running account and no interest was charged on that account at any time. We find that no part

of the debts shown by the return was incurred for the purpose of reducing the amount of taxes to be paid by the appellant, that the debts represented only the fair value of the property or services given therefor, and that the earnings shown by the return and by the appellant's books of account were its true earnings."

The commissioner contends that the function of the board in a proceeding like the present is limited to a review of his action and that it is not empowered to try the whole matter anew. The jurisdiction of the board is to "decide appeals" permissible under numerous provisions of the tax laws including G. L. c. 63, § 51, as most recently amended by St. 1927, c. 225, § 3, and § 71 as amended by St. 1926, c. 287, § 6, embodying earlier amendments (see now G. L. [Ter. Ed.] c. 63, §§ 51, 71), which govern the present proceedings and in each of which the word "appeal" is used as expressive of the right conferred upon the taxpayer. The word "appeal" in our statutes usually has been interpreted to mean a full new trial or an entire rehearing upon all matters of fact and questions of law. It is used in contrast to the word "review" which signifies a reëxamination of proceedings already had. *Commonwealth* v. *Richards*, 17 Pick. 295. *Swan* v. *Justices of the Superior Court*, 222 Mass. 542, 548. *Selectmen of Wakefield* v. *Judge of the District Court*, 262 Mass. 477, 482, 483. The General Court must be presumed to understand the differences in scope between these two words which occur not infrequently in statutes. The word "appeal" must be assumed to have been employed advisedly in the sections governing the present procedure. It ought to be construed and interpreted according to the common and approved usage of the language. It follows that the board was authorized to retry every issue raised by the petition and answer filed with it. It is not necessary to pass upon the validity of rules made by the commissioner as to procedure under G. L. c. 63, § 47, for the reason that the petition for abatement filed with the commissioner fairly raised every issue presented on the present petition.

It is plain that the taxpayer was aggrieved by the decision of the commissioner of which complaint is here made. A

considerable additional tax was assessed upon it. The taxpayer has been constant in the contention that the additional tax was without justification in law or in fact. It was entitled to have heard anew by the board whatever issues touching that subject were adequately disclosed on its petition and the answer of the commissioner. *Hamilton Manuf. Co.* v. *Lowell,* 274 Mass. 477, 480.

It is provided by § 13 of c. 58A inserted in the General Laws by St. 1930, c. 416, § 1, as amended by St. 1931, c. 218, § 1, see now G. L. (Ter. Ed.) c. 58A, § 13, that the "decision of the board shall be final as to findings of fact." This means that its findings have the same force and effect as the verdict of a jury or the finding of a judge sitting without a jury in an action at law or the finding of a judge or master in equity upon unreported evidence. So far as the findings are based upon unreported evidence they cannot be disturbed. See *Pigeon's Case,* 216 Mass. 51, 52. It is stated in the record that there is printed such portion of the stenographic transcript of evidence before the board as may be necessary for the consideration of any question of law raised which is contended to have been wrongly decided by the board. This does not purport to be a report of all the material evidence. It is in fact a transcript of the testimony given orally by a single witness. The credibility and the weight to be accorded to that testimony were entirely for the board. A careful examination of it shows that the findings of fact made by the board must stand and be accepted as true.

The findings of fact made by the board and already quoted are explicit to the effect that the return made by the taxpayer was correct and that the amount stated to be due on accounts payable was actual indebtedness incurred in good faith and not for the purpose of reducing its tax.

The commissioner in reaching a conclusion under G. L. (Ter. Ed.) c. 63, § 31, whether to be "satisfied that no part" of the debts of a corporation shown on its return was incurred for the purpose of reducing the amount of its tax was acting as a public officer in a highly responsible position. He was bound to proceed in a reasonable way and to be motivated only by considerations carrying weight with

reasonable persons.   It would not be enough merely to be honest: he must also be reasonable.   *Hawkins* v. *Graham,* 149 Mass. 284, 288.   *Traiser* v. *Commercial Travellers' Eastern Accident Association,* 202 Mass. 292, 294.   *Fechteler* v. *Whittemore,* 205 Mass. 6, 10.   Compare *Farmer* v. *Golde Clothes Shop, Inc.* 225 Mass. 260.   Whether the commissioner ought to have been thus satisfied was a matter as to which his finding was subject to inquiry by the board.   Every presumption is to be indulged in his favor.   *Brest* v. *Commissioner of Insurance,* 270 Mass. 7, 17.   But he is not above question.

The first assignment of error made by the commissioner in his appeal relates to rulings made by the board to the effect that the method pursued by the commissioner of determining the corporate excess by taking a proportion of the assets of the parent corporation and its subsidiaries as disclosed by the Federal income tax was not warranted by any provision of the statutes.   Corporate excess in the case of domestic corporations is defined by G. L. c. 63, § 30, cl. 3, as amended by St. 1927, c. 258, § 1, embodying earlier amendments.   That definition must be followed if the commissioner discredits the return of the corporation and undertakes an additional assessment.   The second assignment of error relates to the ruling by the board to the same effect, in substance, as to net income.   Net income is defined by said § 30, cl. 5, as amended by St. 1925, c. 343, § 1A, embodying earlier amendments.   There is no justification in the statute for resort to the method adopted by the commissioner for the ascertainment of either of these factors.   In the event that these factors as defined by the statute show little or no basis for taxation, provision is made for a minimum tax.   G. L. (Ter. Ed.) c. 63, §§ 32A, 33.   The taxpayer was a domestic corporation.   Neither its parent corporation nor any one of the other subsidiaries of that parent corporation carried on any business in this Commonwealth.   The taxpayer conducted a local retail business in two cities within the Commonwealth.   It was not engaged in business elsewhere.   There is no warrant in G. L. c. 63 for basing the excise tax on the domestic cor-

poration upon the capital or income of foreign corporations carrying on no business within the Commonwealth. It is elementary that no tax can be valid unless authorized by statute and assessed in conformity to its terms. *County of Middlesex* v. *Waltham*, 278 Mass. 514, 517–518. There is nothing in this record to show that the relation between the taxpayer and its parent corporation was fictitious or a mere cloak for something not appearing on the face of the transactions. The method followed by the commissioner upon the facts disclosed was in conflict with the principle stated in *Hoeper* v. *Tax Commission*, 284 U. S. 206, at page 215, in these words: ". . . because of the fundamental conceptions which underlie our system, any attempt by a state to measure the tax on one person's property or income by reference to the property or income of another is contrary to due process of law as guaranteed by the Fourteenth Amendment." While the tax in the case at bar is an excise and not a property tax, this principal is equally applicable when the excise is measured by property or income not belonging to the corporation sought to be taxed.

The third assignment of error concerns the findings of fact that the debts of the taxpayer shown by the return were true and just and not incurred for the purpose of reducing its tax, and that the earnings thus shown were its true earnings. Those findings involved no question of law and as findings of fact must stand as true.

The fourth assignment of error relates to a statement by the board as to its view of the object of G. L. (Ter. Ed.) c. 63, § 31. That statement in substance is that the section was designed to avoid the effect of an improper reduction of net assets through "the use of fictitious debts" and not to attempt to oblige corporations requiring money and affiliated with others from which they may borrow to enlarge the amount of their capital by imposing a penalty upon the creation of an indebtedness for which full value has been given. This statement must be read in connection with rulings made at the request of the commissioner that debts incurred for the purpose of reducing taxes, either as a dominating or a subsidiary purpose or in combination with other

purposes, were not to be taken into consideration in determining the corporate excess.   These rulings and statements taken together seem to us to mean that if the board had found as a fact that the corporate structure of the taxpayer was designed in conjunction with that of the parent corporation to produce a constant state of heavy indebtedness by the domestic corporation for the purpose of reducing its taxation, the findings of fact actually made by the board could not have been made and that the findings would have been different.   Said § 31 provides: ". . . and the commissioner, in determining for the purposes of taxation the value of the corporate excess of, or corporate excess employed within the Commonwealth by, any such corporation, shall not take into consideration any debts of the corporation unless he is satisfied that no part of such debts was incurred for the purpose of reducing the amount of taxes to be paid by it, and, in the case of a corporation which is a subsidiary of another corporation or closely affiliated therewith by stock ownership, that such debts represent only the fair value of the property or services given therefor."   It is not necessary to determine whether the interpretation of this section given by the board is correct as applicable to all states of facts.   The findings of fact made by the board and already quoted pursuant to these rulings of law made by it show that no reversible error was committed.   It is not necessary to go further in the case at bar.   The interpretation of said § 31 in its application to other facts is left open for consideration if and when the occasion may arise.

The fifth assignment of error involves no ruling of law because it is founded upon the findings of fact.   An elaborate argument has been addressed to us respecting the meaning of the words "net income" in G. L. c. 63, § 32, as revised by St. 1927, c. 258, § 3, and of the words "true earnings" in G. L. (Ter. Ed.) c. 63, § 33.   It is unnecessary to discuss that question because the board has found that the earnings shown on the return were the true earnings.

The sixth assignment of error is founded on the refusal by the board to grant numerous requests for rulings.   It is not necessary to deal with these requests in detail.   It is enough

to say that on the facts here disclosed, and the findings and rulings made by the board, no reversible error is shown.

The seventh assignment of error is that the granting of the abatement was unwarranted. For the reasons already stated this assignment does not involve any reversible error. Upon the findings made the abatement was justified.

This decision rests chiefly upon the findings of fact made by the board. It is not necessary to discuss at large authorities bearing upon different facts. The commissioner relies largely upon cases illustrated by *Palmolive Co.* v. *Conway,* 43 Fed. Rep. (2d) 226, affirmed in 56 Fed. Rep. (2d) 83, and *Buick Motor Co.* v. *Milwaukee,* 48 Fed. Rep. (2d) 801. See also *Cliffs Chemical Co.* v. *Wisconsin Tax Commission,* 193 Wis. 295, *Underwood Typewriter Co.* v. *Chamberlain,* 254 U. S. 113. It seems to us superfluous to review them because they are essentially unlike the case at bar in facts or governing statutes or in both. The general conclusion here reached is in harmony with the principles declared in several decisions. *Hans Rees' Sons, Inc.* v. *North Carolina,* 283 U. S. 123. *Alpha Portland Cement Co.* v. *Massachusetts,* 268 U. S. 203. *Cannon Manuf. Co.* v. *Cudahy Packing Co.* 267 U. S. 333. *People* v. *Gilchrist,* 244 N. Y. 114. There is nothing at variance with this conclusion either in the reasoning or in the result of *Judson Freight Forwarding Co.* v. *Commonwealth,* 242 Mass. 47.

Abatement is granted in the amount of $804.17. The taxpayer may recover its costs before the board, that having been the decision of the board.

*So ordered.*