BABCOCK *v.* CITY OF GRAND RAPIDS.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE BOARD—HEARING ON AP-
PEAL FROM CITY MANAGER.
　　Action of trial court on petition for mandamus by discharged
　　　civil service employee of home rule city in requiring that
　　　a hearing be held by the civil service board relative to plain-
　　　tiff's dismissal is affirmed by BUTZEL, SHARPE, and REID, JJ.,
　　　on ground that charter provision as to hearing on appeal from
　　　action taken by city manager required a review *de novo*, that
　　　is, a reexamination of proceedings already had, and by NORTH,
　　　C. J., and STARR and BOYLES, JJ., on ground that only hearing
　　　provided for by charter must be held by the civil service board
　　　and be of such a nature as to enable it to pass upon the merits
　　　of the controversy and not merely review city manager's find-
　　　ings (Grand Rapids Charter, title 7, §§ 7, 9).

2. COSTS—PUBLIC QUESTION—CONSTRUCTION OF CHARTER.
　　No costs are allowed on review of mandamus proceeding by an
　　　assistant building inspector, a civil service employee of home
　　　rule city, to compel civil service board to hold a hearing rela-
　　　tive to his discharge, where construction of city charter is in-
　　　volved, a public question being involved (Grand Rapids
　　　Charter, title 7, §§ 7, 9).

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J. Submitted January 5,
1944. (Docket No. 24, Calendar No. 42,453.) De-
cided April 3, 1944.

Petition by William P. Babcock against John L.
Foley and others, members of Civil Service Board
of the City of Grand Rapids, and the City of Grand
Rapids for a writ of mandamus to compel the hold-
ing of a hearing *de novo*. Writ granted. City of

Grand Rapids reviews by appeal in the nature of certiorari. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Ganson Taggart, Clifford C. Christenson,* and *Merle C. Baker,* for defendant.

BUTZEL, J.   Defendant city of Grand Rapids is a municipal corporation with a home rule charter which vests all legislative and administrative power in a city commission.   The latter in turn appoints a city manager, who is charged with the administration of the municipality under the direction and provisions of the city commission.   He has the power to appoint and remove all subordinate officers and employees of the city.   Appointments must be made upon merit and fitness in compliance and in accordance with the civil service provisions of the charter. The charter provides that: *

"No employee   *   *   *   shall be discharged or reduced in rank or compensation until he has been presented with the reasons for such discharge or reduction specifically stated in writing, and has been given an opportunity to be heard in his own defense. *   *   *   Any   employee   *   *   *   who   is   suspended, reduced in rank or dismissed, may *appeal* to the civil service board."

We have italicized the word "appeal" as its proper construction presents the real question in the case.

Plaintiff William P. Babcock was assistant building inspector, a position that came under the civil service provisions of the charter.   Charges of misconduct were made against him, and written notice

---

* Grand Rapids Charter, title 7, § 9.—REPORTER.

thereof was served upon him. He was granted a hearing by the city manager in accordance with his demand. He attended it with his counsel who examined witnesses and the testimony was taken down stenographically and reduced to writing. The manager found him guilty of a number of the charges preferred and notified him of his dismissal. He filed notice of appeal to the civil service board and demanded a hearing *de novo*. The board ordered a transcript of the proceedings served on them and had a committee examine the evidence. On February 1, 1943, plaintiff's petition for a hearing *de novo* was denied, the civil service board finding the action of the manager legal and regular. Petition for mandamus was filed in the superior court of Grand Rapids on February 25, 1943, and the court ordered a hearing *de novo*. Defendant city of Grand Rapids appeals.

The real question presented on appeal is whether plaintiff is entitled to such hearing *de novo* before the civil service board. Appellant city of Grand Rapids contends that the word "appeal" has an indefinite meaning, that after a hearing such as plaintiff has had, it can be reviewed only by certiorari, that the term "appeal" as used means only a review and, where the testimony has been taken down in a regular proceeding before the board, the plaintiff is precluded from raising any other questions than those of law. While it is true that in more recent times the term "appeal" is frequently applied to appeals in the nature of certiorari, mandamus or other methods of review, this does not enlarge the nature of the review.

Upon examining the cases, we conclude that the correct and true meaning of the word "appeal" is a review of a case by a higher tribunal in a trial *de novo*. In *Re Manufacturer's Freight Forwarding*

*Co.,* 294 Mich. 57, 70 (36 P. U. R. [N. S.] 329), the court said:

"The term 'appeal' was unknown to the common law. It belonged wholly to courts of chancery, and means in its technical and appropriate sense the removal of a suit, and its final determination, from an inferior court, after final judgment in that court, to a superior court, and placing the case in the latter court, to be again tried *de novo* upon its merits, just as though it had never been tried in the inferior court. *Fouse* v. *Vandervort,* 30 W. Va. 327 (4 S. W. 298)."

We believe that when the word "appeal" is used without any limitations as to the nature or method of review, in a statute or charter, it means a trial *de novo.* In *Commissioner of Corporations and Taxation* v. *J. G. McCrory Co.,* 280 Mass. 273 (182 N. E. 481), which referred to the Massachusetts law, which in this particular respect is similar to that of this State, the court said:

"The word 'appeal' in our statutes usually has been interpreted to mean a full new trial or an entire hearing upon all matters of fact and questions of law. It is used in contrast to the word 'review' which signifies a reexamination of proceedings already had."

Appellants cite *Fricke* v. *City of Grand Rapids,* 278 Mich. 323; *Delaney* v. *Detroit Board of Fire Commissioners,* 244 Mich. 64; *Public Welfare Commission of Detroit* v. *Civil Service Commission,* 289 Mich. 101, as being contrary to the foregoing statement. We find on examination that the wording of the acts in these cases or the charters involved do not support appellant's contentions. Reading the charter of the city of Grant Rapids in its entirety, we find that when an appeal is taken, the city civil

service board must hold *de novo* hearings and form their own judgments. The charter provides under title 7, § 1, that no employee shall "be dismissed except by the affirmative vote of a majority of the members elect." Further, in title 7, § 9, it provides:

"The judgment of such board shall be final and not subject to review in the courts."

These provisions clearly indicate that the board may render judgments. From the very definition of the word, it must try the case *de novo* to ascertain the facts and arrive at a judgment. See 2 Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 1718; Black's Law Dictionary (3d Ed.), p. 1024. The decision of the city manager is final unless there is an appeal. However, if there is an appeal, the hearing must be *de novo* and not by certiorari.

The writ of mandamus issued by the trial judge is herewith affirmed, but without costs, a public question being involved.

SHARPE and REID, JJ., concurred with BUTZEL, J. WIEST and BUSHNELL, JJ., concurred in the result.

BOYLES, J. (*concurring*.) I concur in affirmance for the reasons stated herein.

The appellee has never had the hearing contemplated by the city charter. The only "hearing" which the charter provides for is one to be held before the civil service board.

The city manager provisions of the charter are in title 6. It provides for a city manager and authorizes the city manager to appoint and remove all subordinate officers and employees of the city. Nothing in this title requires or authorizes the city manager to hold any "hearing" on such appointment or removal. Presumably he may do so merely for the

purpose of aiding him toward arriving at a proper action, but it is not required by the charter. Under title 6 the city manager is empowered to dismiss or demote a city employee "in compliance with the classified civil service provisions of the charter." Such action by the city manager is subject to final action by the civil service board if the subject employee "appeals" to the board, *i.e.*, applies for a hearing before the civil service board.

The hearing required by the charter is provided for in title 7, which creates a civil service board and defines its powers and duties. Title 7, § 9, provides:

"No employee under the classified service shall be discharged or reduced in rank or compensation until he has been presented with the reasons for such discharge or reduction specifically stated in writing, and has been given an opportunity to be heard in his own defense. The reason for such discharge or reduction and any reply in writing thereto by such employee shall be filed with the board. Any employee of any department in the classified service who is suspended, reduced in rank or dismissed, may appeal to the civil service board, which shall define the manner, time and place by which such appeal shall be heard."

Under this provision an employee under the classified service must be presented with reasons, in writing, for his discharge or reduction in rank. These must be filed with the civil service board. The subject employee has the right to demand a hearing before the board. He must be given an opportunity to be heard in his own defense. His right to "appeal" to the civil service board merely connotes a right to apply to the board for such a hearing. The hearing by the board must be of such scope and character as will enable it to pass upon the merits of the controversy and not merely a review of any findings of the city manager.

Title 7 provides for joining issue before the board. The reasons for such discharge or demotion "specifically stated in writing," and "any reply in writing thereto by such employee," must be filed with the board. The board thereupon defines the manner, time and place for the hearing. An appeal to the board, as the term is used in title 7, means a request for a hearing. "Appeal" is used in the commonly-accepted meaning of an application or request and is not used in the technical sense of an appeal to a superior court or tribunal from the judgment of the lower court in judicial proceedings. There is no occasion to construe the word "appeal," as used in the charter, in a technical sense as the word has been construed to apply to appeals in judicial proceedings. For that reason, *In re Manufacturer's Freight Forwarding Co.*, 294 Mich. 57, and the cases cited by appellant have no application to the present situation.

The action of the lower court is affirmed, but without costs, a question of public interest being involved.

NORTH, C. J., and STARR, J., concurred with BOYLES, J.