MARTIN v. CIVIL SERVICE COMMISSION OF THE CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSION—APPEAL BY DISCHARGED EMPLOYEE—SCOPE OF DETERMINATION.

Under pertinent charter provisions a civil service commission is limited in its determination on employee's appeal from dismissal to ascertaining whether or not he was discharged for political or religious reasons or for other reasons than the good of the service (Detroit Charter, title 4, chap. 2, § 18).

2. Same—Civil Service Commission—Rules of Evidence.

> Proceedings before a city civil service commission are in no sense like criminal proceedings, hence, the rules of evidence relating to criminal proceedings have no application (Detroit Charter, title 4, chap. 2, § 18).

3. Same—Civil Service—Confession of Misconduct.

> A confession made to a superior officer that city employee in the classified service had sold policy tickets to employees during working hours afforded sufficient grounds for dismissal of such employee from the service (Detroit Charter, title 4, chap. 2, § 18).

4. Same—Discharge of Employee on Confession of Misconduct— Good Faith of Superintendent.

> Order of circuit court denying writ of certiorari to review city civil service commission's finding that superintendent of public works had acted in good faith in discharging plaintiff employee who had confessed to the superintendent that he had sold policy tickets to other city employees during working hours without the knowledge of the foreman was proper (Detroit Charter, title 4, chap. 2, § 18).

Appeal from Wayne; Marschner (Adolph F.), J. Submitted January 9, 1946. (Docket No. 31, Calendar No. 43,174.) Decided March 4, 1946.

Certiorari by Andrew Martin to review the action of Civil Service Commission of the City of Detroit in approving his discharge. Writ dismissed. Plaintiff appeals. Affirmed.

*Simmons & Bibb,* for plaintiff.

*William E. Dowling,* Corporation counsel, and *George C. Coffey,* Assistant Corporation Counsel, for defendant.

Butzel, C. J. On February 26, 1944, the department of public works of the city of Detroit discharged Andrew Martin, an employee and plaintiff herein, on finding that he was selling policy tickets

to employees during working hours. He appealed to the civil service commission which held that he was properly discharged. He thereupon brought certiorari proceedings in the circuit court for the county of Wayne in chancery, and the writ was dismissed. He appeals to this court. On the return of the writ it was shown that he was given a hearing by the civil service commission, and statements were made by the personnel officer, by Glen C. Richards, general superintendent of the department of public works, by an inspector of police and by a patrolman. The statements made were in corroboration of a written statement made on April 3, 1944, by Mr. Richards, the general superintendent of the department of public works, in which Richards stated that on February 25, 1944, plaintiff had been picked up by the police after leaving the Riopelle garage station of the department of public works; that at the time plaintiff had in his possession about $1,800 in cash and a number of policy tickets which he had written or received at the Riopelle station; that while so held, plaintiff admitted to Mr. Richards and to another that he had been writing tickets at the Riopelle garage station besides receiving tickets from workers who wrote their own tickets and to whom he allowed a discount on such tickets written by them; that this was done without the knowledge of the foreman; that he was his own banker and made payment to the winners; that he had been carrying on this business during working hours for several weeks. Inasmuch as plaintiff admitted such misconduct on his part, he was discharged. Plaintiff at the hearing before the civil service commission did not testify. Plaintiff mistakes the nature of proceedings on appeal before the civil service commission. He relies upon the fact that no criminal proceedings were brought against him because

there was no proof of the corpus delicti. He asserts that the moneys and number tickets were taken from him without a warrant and, therefore, could not be used against him. He further contends that he could not be convicted solely on his own confession of guilt. For these reasons he made no explanation before the civil service commission which had the testimony hereinbefore stated.

Title 4, chap. 2, § 18, of the charter of the city of Detroit is as follows:

"No person shall, for political or religious reasons, be discharged from the classified service, or reduced in pay or position, or suspended by the departmental head appointing him. In every case of reduction or suspension for more than thirty days and in all cases of discharge, the appointing officer shall furnish the subordinate reduced, suspended or discharged, also the civil service commission, with a copy of the order of removal and his reasons therefor. The commission may, and upon written request of the subordinate made within ten days, shall investigate. If it shall find as the result of such investigation that the discharge, reduction or suspension was made for political or for reasons other than the good of the service, it shall so report to the departmental head, and the person so discharged, reduced or suspended shall thereupon be entitled to resume his position and to receive compensation for the time lost."

In *Delaney* v. *Detroit Board of Fire Commissioners,* 244 Mich. 64, we held that the civil service commission is limited to the determination of two questions:

"1. Was the employee discharged for political or religious reasons, or

"2. Was he discharged for other reasons than the good of the service?"

In the instant case, the commission answered both questions in the negative, found that the superintendent of public works in discharging the plaintiff herein acted in good faith, and affirmed his action. In *Oesterreich* v. *Fowle,* 132 Mich. 9, we pointed out that proceedings before the civil service commission are in no sense like criminal proceedings, and, therefore, the rules of evidence relating to criminal proceedings have no application. In *Crofut* v. *Philadelphia,* 276 Pa. 366 (120 Atl. 277), the court said:

"It is averred in the petition that * * * the testimony * * * was insufficient to justify the conviction of plaintiff. * * *    Even if the testimony were technically hearsay, its character in this respect would not be fatal to the finding of the civil service commission; niceties of form in procedure * * * and strict enforcement of the rules of evidence have no proper place in the investigation of charges by such a body as the civil service commission.    See 28 Cyc. p. 514."

In *Bromfield* v. *Board of Commissioners of the City of Lexington,* 233 Ky. 250 (25 S. W. [2d] 393), it was held that the confession made to the superior officer, although because of subsequent grand-jury immunity could not be used in criminal proceedings, nevertheless was sufficient grounds for dismissal. Also, see *Souder* v. *City of Philadelphia,* 305 Pa. 1 (156 Atl. 245) ; 77 A. L. R. 610.

The order of the circuit court denying certiorari is affirmed, with costs to appellee.

Carr, Bushnell, Sharpe, Boyles, Reid, North, and Starr, JJ., concurred.