*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY ROSE,

FOR PUBLICATION
March 03, 2025
10:08 AM

Plaintiff-Appellant,

v

No. 371605
Gladwin Circuit Court
LC No. 2023-011852-DP

JONATHAN MAY,

Defendant-Appellee.

Before: GADOLA, C.J., and K. F. KELLY and REDFORD, JJ.

GADOLA, C.J.

In this paternity case, plaintiff, through the Gladwin County Prosecutor, appeals by right the trial court's order granting the Gladwin County Friend of the Court's (Gladwin FOC) motion to dismiss the paternity complaint for failure to file the complaint in the proper court. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Michigan Office of Child Support sent a referral to the Gladwin County Prosecutor's Office requesting an action for paternity be filed on behalf of the minor child ACR, the mother Ashley Rose, and the State of Michigan. In August 2023, the Gladwin County Prosecutor filed a paternity complaint to determine paternity, custody, and child support for ACR. The complaint alleged that ACR was born out of wedlock and that defendant was ACR's father. At the time the paternity complaint was filed, plaintiff lived in Gladwin County with ACR and her first child with defendant, ER. The trial court issued a summons for defendant and ordered defendant to appear for genetic testing. Defendant failed to respond to the complaint and failed to appear for genetic testing. The Gladwin County Prosecutor's office filed a motion for entry of order, asking the trial court to enter an order of filiation and a support order. An "order of filiation" is an order establishing that a person has been determined by the circuit court to be a child's father. *Glaubius v Glaubius*, 306 Mich App 157, 167; 855 NW2d 221 (2014).

On April 1, 2024, the trial court conducted a hearing on the prosecutor's motion. Defendant did not appear at the hearing, and the prosecutor informed the trial court that defendant had been served, but defendant had not made any contact with his office throughout the proceedings.

-1-

Plaintiff testified that she and defendant had never been married, but they had two children together, ER and ACR. Plaintiff testified that there was a child support order for ER in Oakland County, but she believed that Oakland County had transferred the case to Gladwin County. Plaintiff testified that she had not had any contact with defendant since ACR was born, and she explained that defendant frequently changes jobs to avoid his child support obligations. The trial court found that defendant was ACR's father and responsible for child support.

Before the trial court entered an order reflecting its findings, the Gladwin FOC moved as a "petitioner" to supplement the record, set aside the trial court's findings, and dismiss the complaint. The Gladwin FOC alleged that the parties had a case regarding ER in Oakland County and that MCR 3.204 required plaintiff to file her complaint in the Oakland Circuit Court. The trial court granted the Gladwin FOC's motion and entered an order setting aside its earlier findings and dismissing the complaint for paternity.

The prosecutor filed a motion requesting that the trial court set aside its order because Gladwin County was the appropriate jurisdiction, and because the Gladwin FOC did not have statutory authority to file a motion to dismiss. After a hearing on the prosecutor's motion, the trial court found that the Gladwin FOC's motion was proper because the Gladwin FOC was an arm of the trial court. The trial court also considered the Gladwin FOC's motion to be "essentially a sua sponte by the Court." Accordingly, the trial court found that the Gladwin FOC's supplemental information was persuasive and denied the prosecutor's motion. The prosecutor now appeals.

## II. SUBJECT-MATTER JURISDICTION

Plaintiff argues that the trial court had subject-matter jurisdiction to consider her paternity complaint. We agree.

"Whether a court has subject-matter jurisdiction is a question of law that this Court reviews de novo." *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015). "A jurisdictional defect may be raised at any time." *Id*. "Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it." *In re Eddins*, 342 Mich App 529, 538; 995 NW2d 604 (2022) (quotation marks and citation omitted). "It is the abstract power to try a case of the kind or character of the one pending, but not to determine whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is pending." *Id*. at 538-539 (quotation marks and citation omitted). "A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. If it is apparent from the allegations that the matter alleged is within *the class of cases* with regard to which the court has the power to act, then subject-matter jurisdiction exists." *Id*. at 539 (citation omitted).

The Legislature has conferred subject-matter jurisdiction on circuit courts through MCL 600.605. *Teran*, 313 Mich App at 205. The statute provides, "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. In addition to MCL 600.605, the Paternity Act, MCL 722.711 *et seq*., explicitly grants circuit courts subject-matter jurisdiction over paternity claims. MCL 722.714(1). The Paternity Act "was created as a

procedural vehicle for determining the paternity of children 'born out of wedlock,' and enforcing the resulting support obligation." *Syrkowski v Appleyard*, 420 Mich 367, 375; 362 NW2d 211 (1985). "[T]he Paternity Act patently grants the circuit court subject-matter jurisdiction to determine the paternity of a child born out of wedlock and to order child support." *Teran*, 313 Mich App at 205.

In the present case, plaintiff filed a paternity complaint in the Gladwin Circuit Court alleging that ACR was born out of wedlock and that defendant was ACR's father. The complaint included plaintiff's affidavit stating that she had lived in Gladwin for the previous five years and that ACR had lived in Gladwin since her birth. Because plaintiff's complaint contained allegations regarding the paternity of ACR and defendant's support obligations, her claim fell within the trial court's subject-matter jurisdiction. See *id*.

## III. VENUE

Plaintiff argues that MCR 3.204 does not apply and that the Gladwin Circuit Court was the appropriate venue for her claim. We agree.

Interpretation and application of the Paternity Act involves questions of law that we review de novo. *Sinicropi v Mazurek*, 273 Mich App 149, 155; 729 NW2d 256 (2006). Likewise, the interpretation and application of a court rule is also a question of law we review de novo. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009).

The general venue statute provides that venue for civil actions is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business…, is a proper county in which to commence and try an action.

(b) If none of the defendants meet 1 or more criteria in subdivision (a), the county in which a plaintiff resides or has a place of business…, is a proper county in which to commence and try an action. [MCL 600.1621].

The Paternity Act, in pertinent part, provides as follows:

(1) An action under this act shall be brought in the circuit court by the mother, the father… or the department of human services as provided in this act. The Michigan court rules for civil actions apply to all proceedings under this act. A complaint shall be filed in the county where the mother or child resides.

\* \* \*

(12) If a child born out of wedlock is being supported in whole or in part by public assistance, including medical assistance, the department of human services may file a complaint on behalf of the child in the circuit court in the county in which the child resides. The mother or alleged father of the child shall be made a party plaintiff and notified of the hearing on the complaint by summons. The complaint made by the department of human services shall be verified by the director of the department of human services, or his or her designated representative, or by the

director of the county department of human services of the county in which an action is brought, or the county director's designated representative. [MCL 722.714].

MCL 722.714(1) states that the Michigan court rules for civil actions apply to paternity actions. The Gladwin FOC argued in its motion to dismiss that MCR 3.204 governs where parties may initiate proceedings affecting children, and that the court rule controls over MCL 722.714 because the father continues to reside in Oakland County, which gives that court jurisdiction over the new action. MCR 3.204 provides,

> (A) Unless the court orders otherwise for good cause, if a circuit court action involving child support, custody, or parenting time is pending, or if the circuit court has continuing jurisdiction over such matters because of a prior action:
>
> * * *
>
> (2) A new action for the support, custody, or parenting time of a different child of the same parents must be filed in the same county as the prior action if the circuit court for that county has jurisdiction over the new action and the new case must be assigned to the same judge to whom the previous action was assigned.

"MCL 722.714(1) does not expressly limit the circuit court's subject-matter jurisdiction. Rather, MCL 722.714(1) concerns venue and indicates where a paternity action should be filed." *Teran*, 313 Mich App at 206. In interpreting statutory language, "[t]he term 'shall' is mandatory." *Macomb Co Prosecutor v Macomb Co Executive*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 370065); slip op at 8. Accordingly, MCL 722.714(1) requires a plaintiff to file a paternity complaint in the county where the mother or child resides. The statute also specifies that the department of human services (DHHS) "may" file a paternity complaint on behalf of a child receiving public assistance. If DHHS exercises its authority to file a paternity complaint, the complaint must be filed "in the circuit court in the county in which the child resides." MCL 722.714(12). The use of the word "may" in this instance gives DHHS the non-mandatory authority to file a paternity complaint in a case involving a child receiving public assistance. Under this language, DHHS "may" file a complaint, but if it chooses to file such a complaint it must be filed in the county in which the child resides. Furthermore, under the clear language of MCL 722.714(1), when a paternity complaint is filed by a parent, it is to be filed in the county where the mother or child resides. But when the same parents have a prior support order, the court rule purports to require that a new action for a different child "must be filed in the same county as the prior action if the circuit court for that county has jurisdiction over the new action…." MCR 3.204(A)(2).

In the present case, plaintiff, through the prosecutor, brought a paternity claim against defendant involving ACR. However, a child support order involving plaintiff's older child with defendant, ER, had previously been issued in Oakland County. Although plaintiff believed that ER's child support case had been transferred from Oakland County to Gladwin County at the time of the April 2024 hearing, the Gladwin FOC's motion stated that the parties still had a case regarding ER's support pending in Oakland County. The trial court determined that because the

parties' older child had a child support order in Oakland County, MCR 3.204(A)(2) required that ACR's complaint for paternity be filed there as well.

As already stated, both Gladwin and Oakland counties have subject-matter jurisdiction over this paternity action. MCL 600.605. However, MCL 722.714 and MCR 3.204 appear to conflict concerning where a new paternity complaint should be filed when the same parents have a prior action in one county involving a different child, yet the mother and child involved in the new paternity action now reside in a different county. Generally, our Supreme Court has the constitutional authority to "establish, modify, amend and simplify the practice and procedure in all courts of this state." Const 1963, art 6, § 5. Thus, we must determine whether the statute "impermissibly infringes upon [the Supreme Court's] constitutional authority to enact rules governing practice and procedure" pursuant to art 6, § 5. *McDougall v Schanz*, 461 Mich 15, 25-26; 597 NW2d 148 (1999).

The trial court determined that Oakland County not only had jurisdiction over the paternity action involving ACR, but that Oakland County was the proper venue as well. This was error. As delineated above, "MCL 722.714(1) does not expressly limit the circuit court's subject-matter jurisdiction. Rather, MCL 722.714(1) concerns venue and indicates where a paternity action should be filed." *Teran*, 313 Mich App at 206. "Venue in actions under the Paternity Act, MCL 722.714(1), is not jurisdictional." *Morrison v Richerson*, 198 Mich App 202, 207; 497 NW2d 506 (1992).

According to our Supreme Court, a statutory rule of evidence violates art 6, § 5 only when "no clear legislative policy reflecting considerations other than judicial dispatch of litigation can be identified." *McDougall*, 461 Mich at 30 (quotation marks and citation omitted). "Therefore, if a particular court rule contravenes a legislatively declared principle of public policy, having as its basis something other than court administration… the court rule should yield." *Id.* (quotation marks and citation omitted). Our Supreme Court has stated that the Paternity Act "was created as a procedural vehicle for determining the paternity of children 'born out of wedlock,' and enforcing the resulting support obligation." *Black v Cook*, 346 Mich App 121, 142; 11 NW3d 563 (2023), quoting *Syrkowski v Appleyard*, 420 Mich 367, 375; 362 NW2d 211 (1985). "The purpose of the Paternity Act is to provide for the support of an illegitimate child. The announced public policy of this state is to treat children born out of wedlock as no less deserving of support than those born in wedlock." *Smith v Robbins*, 91 Mich App 284, 289; 283 NW2d 725 (1979).

Here, the Gladwin County Prosecutor sought a determination of paternity of plaintiff's child born out of wedlock. The complaint also sought an order of child support, which would seemingly bring the action within the purview of MCR 3.204, requiring the complaint to be filed in Oakland County, where the same parents have a continuing order of support for their older child. See MCR 3.204(A)(2). However, because MCL 722.714 addresses the public policy of providing support for children born out of wedlock, and more specifically requires that a paternity action is to be filed in the county where the mother or child resides, the mandatory venue provision of the statute is most appropriately categorized as a substantive rule dictating the proper venue for a paternity complaint. The venue provision itself is a declaration of legislative intent that paternity determinations, which involve the familial relations and financial support obligations owed to minor children, shall in this instance be made in the county where the child resides, as opposed to some other jurisdiction potentially long distant from the child's place of residence. In this case,

of course, the child was not born in Oakland County and has never resided there. For these reasons, the statute should take precedence over the court rule under the facts involved here.

Because the child resided in Gladwin County at the time the complaint was filed, the Gladwin Circuit Court was the exclusive venue to hear the paternity complaint. MCL 722.714(12) provides that when a child born out of wedlock is being supported by public assistance, "the department of human services may file a complaint on behalf of the child in the circuit court in the county in which the child resides." Here, the Michigan Office of Child Support, a division of the Department of Health and Human Services, sent a referral to the Gladwin County Prosecutor's Office requesting establishment of paternity and support for the minor child, in accordance with MCL 722.714(12). Thus, because the minor child lives in Gladwin County, the Gladwin Circuit Court is the proper venue for the paternity action.

The fact that the Paternity Act has been described as a "*procedural* vehicle for determining the paternity of children," *Syrkowski*, 420 Mich at 375 (emphasis added), does not change our conclusion that paternity determinations, and the venue requirements the legislature has imposed for making them, involve matters of substantive law involving important public policy considerations concerning the welfare and support of children. The Act may indeed establish a procedural framework for making paternity and support determinations. In this sense, nearly any law that the legislature devises for the resolution of disputes can be described as establishing a "procedure" for their resolution. But this does not diminish the fact that the matters underlying the procedures the legislature establishes very often involve matters of substantive public policy, as they do in this case.

Other reasons exist for not applying MCR 3.204 in this case. First, plaintiff has not lived in Oakland County for several years, and the minor child has lived in Gladwin County since birth. The parties lived in Oakland County when the parties' first child was born. They moved to Gladwin County several years ago. Defendant apparently moved out of the Gladwin County residence, and the last time plaintiff saw defendant was in February 2022. Plaintiff testified in the trial court that defendant has other children with other women, and he often moves around and changes jobs to avoid paying child support. It is unknown where defendant resides at this time and it has not been established that he resides in Oakland County. Nor does ER, the child subject to the Oakland County order, reside in Oakland County. He resides with his mother in Gladwin County. In light of these facts, it would be grossly inefficient to require plaintiff to travel to Oakland County to proceed in an action for paternity of a child who resides with mother in Gladwin County just because there is a support case involving the parties' older child pending in Oakland County. Instead, the Oakland County case could be transferred to Gladwin County in accordance with MCR 3.212(C).[1]

---

[1] Unless the court orders otherwise for good cause, if a friend of the court becomes aware of a more recent final judgment involving the same parties issued in a different county, the friend of the court must initiate a transfer of the older case to the county in which the new judgment was

IV. MOTION TO DISMISS

Plaintiff also argues on appeal that the trial court erred by dismissing her complaint because the Gladwin FOC did not have statutory authority to file a motion to dismiss plaintiff's complaint. We agree.

We review a trial court's decision regarding a motion to dismiss de novo. *Mouzon v Achievable Visions*, 308 Mich 415, 418; 864 NW2d 606 (2014). The FOC is governed by the Friend of the Court Act (FCA), MCL 552.501 *et seq*., which provides:

> The purposes of this act are to enumerate and describe the powers and duties of the friend of the court and the office of the friend of the court; to ensure that procedures adopted by the friend of the court will protect the best interests of children in domestic relations matters; to encourage and assist parties voluntarily to resolve contested domestic relations matters by agreement; to compel the enforcement of parenting time and custody orders; and to compel the enforcement of support orders, ensuring that persons legally responsible for the care and support of children assume their legal obligations and reducing the financial cost to this state of providing public assistance funds for the care of children. This act shall be construed to promote the enumerated purposes and to facilitate the resolution of domestic relations matters. [MCL 552.501(2).]

"The intent of the Legislature in enacting the [FCA] . . . was to create an investigative and fact-finding *arm of the circuit court* in domestic relations matters." *Denhof v Challa*, 311 Mich App 499, 514-515; 876 NW2d 266 (2015) (citation omitted; alteration and ellipsis in original).

The FOC's duties are those which "involve either the dissemination of information to the parties or the investigation and compilation of facts for use by the circuit court judge." *Id*. at 515 (citation omitted). Pursuant to the FCA, the FOC may enforce support orders, orders for the payment of healthcare expenses, custody orders, and parenting-time orders. *Id*. at 516. In existing FOC cases in which a complaint has alleged custody or parenting-time violations, the FOC may file motions with the circuit court for a modification of existing parenting-time provisions. MCL 552.641(1). The FOC may also file postjudgment motions for the transfer of domestic relations actions. MCR 3.212.

In the present case, the Gladwin FOC moved to supplement the lower court record, set aside the trial court's findings, and dismiss the paternity complaint after the trial court found that defendant was ACR's father but before the trial court entered an order of filiation. At the time of the Gladwin FOC's motion, the trial court had not entered an order regarding defendant's paternity, as it had only made findings on the record. The Gladwin FOC's motion alleged that ER's support case was still in Oakland County and that the Oakland Circuit Court had jurisdiction over

---

entered if neither of the parents, any of their children who are affected by the judgment in the older case, nor another party resides in the county in which the older case was filed.

plaintiff's paternity complaint for ACR. When the prosecutor challenged the Gladwin FOC's motion, the trial court found that the Gladwin FOC properly brought its motion because "[i]t is an arm of this Court." The trial court characterized the Gladwin FOC's motion as "essentially a sua sponte by the Court," but provided no further reasoning.

A motion by the Gladwin FOC to supplement the record with additional information regarding ER's support order likely would fit within the FOC's investigative and fact-finding duties. See *Denhof*, 311 Mich App at 514-515. However, the Gladwin FOC's motion to dismiss plaintiff's complaint did not serve an investigative or fact-finding function, disseminate information to the parties, or compile facts for the court's use. See *id*. Further, the Gladwin FOC's motion to dismiss clearly did not constitute enforcement of an existing order regarding support, custody, or parenting time of ACR, as the court had not entered an order regarding ACR's support or custody. See *id*. at 516. Although the trial court found that the Gladwin FOC's motion was proper because it was acting as "an arm of [the] Court," absent any caselaw or statutory authority to support the Gladwin FOC's motion, it does not appear that the Gladwin FOC's motion to dismiss plaintiff's complaint was within its authority or duties. Accordingly, we conclude that the trial court erred by granting the Gladwin FOC's motion to dismiss because the Gladwin FOC did not have statutory authority to file such a motion. See MCL 552.501(2). Because we find the trial court erred in granting the FOC's motion, we need not address plaintiff's argument that good cause required the trial court to deny the motion and assert jurisdiction over the matter.

We reverse the trial court's order dismissing the paternity complaint and remand for reinstatement of the complaint, reinstatement of the trial court's findings as to paternity, custody, and support, and for entry of an order of filiation.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ James Robert Redford